UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SANDY IRWIN,

           Plaintiff,

-against-

CREDITORS FINANCIAL GROUP, LLC,

           Defendant.

**COMPLAINT and DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Sandy Irwin ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Complaint against Defendant, Creditors Financial Group ("Defendant"), alleges as follows:

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in Valley Grande, Alabama.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a New York company having its principal place of business located in Buffalo, Erie County, New York.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant is principally located in the state of New York, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant contacted Plaintiff from 877-298-2251.

13. Defendant places calls Plaintiff and fails to disclose that the call is from a debt collector and that Defendant is attempting to collect on a debt.

14. Defendant is attempting to collect a debt Plaintiff does not owe.

15. Defendant threatened to have Plaintiff arrested. *See* Exhibit A hereto.

16. Defendant threatened to contact and harass Plaintiff's mother every day. *See* Exhibit A.

17. Defendant insulted Plaintiff and Plaintiff's family. *See* Exhibit A.

18. Defendant threatened to file a lawsuit against Plaintiff, but has not done so.

2

19.  Defendant did not send Plaintiff a debt validation letter.

## CLAIM FOR RELIEF

20.  Defendant's violations of the FDCPA include, but are not limited to, the following:

  a. Defendant violated §1692d(2) of the FDCPA by using language the natural consequence of which is to abuse Plaintiff;

  b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

  c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

  d. Defendant violated §1692e(2)(A) of the FDCPA by false representing the character, amount, and legal status of Plaintiff's alleged consumer debt because Plaintiff does not owe the debt alleged by Defendant;

  e. Defendant violated §1692e(4) of the FDCPA by threatening to have Plaintiff arrested;

  f. Defendant violated §1692e(5) of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant has not filed a lawsuit to date and does not intend to do so;

  g. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means in an attempt to collect a debt by threatening to have Plaintiff arrested;

h. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff when Defendant did not intend to do so;

i. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means in an attempt to collect a debt from Plaintiff because Plaintiff does not owe the debt alleged by Defendant;

j. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means in an attempt to collect a debt because Defendant threatened to contact and harass Plaintiff's mother every day;

k. Defendant violated §1692e(11) of the FDCPA by failing to inform Plaintiff in subsequent communications that the calls were from a debt collector attempting to collect on a debt;

l. Defendant violated §1692f(1) of the FDCPA by attempting to collect a debt that is not authorized by the agreement because Plaintiff does not owe the debt; and

m. Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will

be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress. *See* Exhibit B hereto.

22. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

23. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, *28 U.S.C. §§ 2201 - 2202*.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

(2) Actual damages,

(3) Statutory damages pursuant to the Fair Debt Collection Practices Act to *15 U.S.C. §1692k,*

(4) Reasonable attorneys' fees, costs pursuant to the Fair Debt Collection Practices Act *15 U.S.C. § 1692k,* and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:	April 22, 2009	KROHN & MOSS, LTD.

By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Sandy Irwin, hereby demands a jury trial in this matter.

# EXHIBIT A

Dear Sir,

I listened to a conversation between my wife, and her mother, Myrtle Mason talking to the creditors financial collectors (three way call). He accused my wife of being her mother at the time, I told him he was talking to my wife, and he rudely said your wife is a low life and her mother won't pay her bills. He informed us that he was going to call and harrass my 80 year old mother-in-law everyday and he hoped that it would keep my wife feeling guilty for not helping her mother. My wife was crying and informed him that she was doing everything possible to try to pay what was owed. They did send $500.00 within a month of first being contacted, then they started calling back saying we owed all thee outrageous amounts. He informed my mother in law that if her check was not sent and cleared her bank on time that he would have her arrested from her home address. I became irrate by this time and said "what kind of business is this" he said his business just took care of consumers who are to lazy to pay their bills. This man was absolutely the rudest, ruthless man I have talked to in my whole life. He even said to my mother in law that he could see from his reseach that she had another daughter, and used her name, that couldnt seem to pay her bills either, it must be a genetic defect in our family. I told him "####" you, and to this day he can XXXX XX XXXXX!!!!

Sincerely,
Alan Irwin

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES / NO
2. Fear of answering the telephone — YES / NO
3. Nervousness — YES / NO
4. Fear of answering the door — YES / NO
5. Embarrassment when speaking with family or friends — YES / NO
6. Depressions (sad, anxious, or "empty" moods) — YES / NO
7. Chest pains — YES / NO
8. Feelings of hopelessness, pessimism — YES / NO
9. Feelings of guilt, worthlessness, helplessness — YES / NO
10. Appetite and/or weight loss or overeating and weight gain — YES / NO
11. Thoughts of death, suicide or suicide attempts — YES / NO
12. Restlessness or irritability — YES / NO
13. Headache, nausea, chronic pain or fatigue — YES / NO
14. Negative impact on my job — YES / NO
15. Negative impact on my relationships — YES / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:_____

_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 4-14-09

Signed Name: Sandy Irwin

Printed Name: Sandy Irwin